# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01666-REB-MJW

MICHAEL JACKSON,

    Plaintiff,

v.

ANTHONY BENSON,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant Anthony K. Benson's **Motion To Dismiss Charges** [#9][1] filed September 2, 2009. I deny the motion.[2]

Benson's motion to dismiss is simply a letter denying the allegations made by the plaintiff against Benson. Benson does not cite in his motion any of the Federal Rules of Civil Procedure or any other authority in support of his motion. I read Benson's motion as a motion to dismiss the complaint under FED. R. CIV. P. 12(b)(6).[3]

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I have subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

[3] Because Benson is proceeding pro se, I construe his paper generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89 ___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[4] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

---

[4] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations and footnote omitted).

and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

Benson's motion does not demonstrate that the allegations in the plaintiff's complaint are not sufficient to state a claim or claims against Benson. Therefore, Benson's motion to dismiss must be denied.

**THEREFORE, IT IS ORDERED** that defendant Anthony K. Benson's **Motion To Dismiss Charges** [#9] filed September 2, 2009, is **DENIED**.

Dated July 13, 2010, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge